JOHN LEONARD *vs.* CHARLES A. MALLORY ET AL.

Third Judicial District, Bridgeport, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

| 75 | 433 |
|----|-----|
| 77 | 357 |

A master is not liable for an injury to one of his workmen caused solely by the negligence of another in the operation of a machine at which they were working together.

The fact that the negligent workman happened to occupy the position of a foreman, is immaterial, unless at the time of the accident he was undertaking to perform some legal duty of the master.

Evidence of a conversation had with the foreman an hour after the accident, as to the condition of the machine, is pure hearsay and inadmissible.

Argued November 6th, 1902—decided January 7th, 1903.

ACTION to recover for personal injuries claimed to have been caused by the defendants' negligence, brought to the Superior Court in Fairfield County and heard in damages to

the court, *Ralph Wheeler, J.;* facts found and judgment rendered for nominal damages only, and appeal by the plaintiff for alleged errors in the rulings and findings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Curtis Thompson* and *Charles W. Murphy,* for the appellant (plaintiff).

*Seymour C. Loomis* and *Eugene C. Dempsey,* for the appellees (defendants).

PRENTICE, J. The plaintiff seeks to recover damages for injuries received by him while in the employ of the defendants, from the bursting of a fur dyeing machine used by the latter in their business as hat manufacturers, and in the shop where the plaintiff worked.

The court finds: (1) that the machine in question and its appliances were of suitable material and construction, and reasonably adapted for the work for which they were employed; (2) that at the time of the accident the machine and its appliances were in a reasonably good condition and suitable for their work; (3) that when used with ordinary care they were safe; (4) that neither the defendants nor their superintendents ever apprehended any danger from their use; (5) that the defendants placed a competent man, one Miller, their foreman, in the immediate charge of the machine; (6) that they caused him to be instructed in its proper and safe use, and furnished him with the proper appliances for doing so; and (7) that the explosion was due to the failure of said Miller to use ordinary care in the performance of his duty in the management of the machine to which he had been assigned.

These facts show that the defendants, as the plaintiff's master, had performed their full duty to him. They had used reasonable care to provide a reasonably safe place in which to work, reasonably safe appliances and instrumentalities for his work, and fit and competent persons as his co-

laborers. The only failure in the premises arose from the operation of the machine. The machine was a fit one; its operator a competent one. The operator failed to justify the promise of his capacity and character, and was negligent. His negligence was in respect to the work of operation, and in respect to nothing else. In this work he did not represent the master. He was undertaking to perform none of the duties imposed upon the defendants. *Quoad* what he undertook to do in this regard he was a mere workman. The fact that he chanced to occupy the position of foreman is of no importance, save as that fact might tend to raise a moral presumption of his capacity and reliability. He was negligent in respect to a servant's work. The master was therefore not liable therefor. *McElligott* v. *Randolph*, 61 Conn. 157, 164; *Kelly* v. *New Haven Steamboat Co.*, 74 id. 343, 346.

The appeal complains that the subordinate facts found do not justify the court in finding certain of the facts we have enumerated. With this contention we cannot concern ourselves. All the conclusions referred to are conclusions of fact. Not the least so are those which are deduced from subordinate facts. No conclusion of law is involved, and no conclusion of fact is reached without evidence.

The plaintiff also objects to the action of the court in excluding the evidence of a witness as to a conversation had with Miller, about an hour after the accident, in regard to the condition of the machine. This conversation was not offered to contradict Miller, but to show the condition of the machine. For this purpose the evidence was pure hearsay and properly excluded.

There is no error.

In this opinion the other judges concurred.